**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

VIRGELIO and CORAZON FERNANDEZ,

Plaintiffs,

v.

WELLS FARGO BANK, N.A., and CAL-WESTERN RECONVEYANCE CORP.,

Defendants.

Case No. 12-cv-03941 NC

**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**

Re: Dkt. Nos. 6, 18

This action arises from an alleged default on a home loan and the resulting commencement of nonjudicial foreclosure proceedings. Plaintiffs Virgelio and Corazon Fernandez bring this suit against Defendants Wells Fargo Bank, N.A. and Cal-Western Reconveyance Corporation under California law for wrongful foreclosure, failure to comply with notice requirements, and unfair business practices. After removing the action to federal court, Wells Fargo moves to dismiss each of Plaintiffs' claims on the grounds that they are preempted by the federal Home Owner's Loan Act ("HOLA"). The issues are (1) whether HOLA preempts all of Plaintiffs' state law claims, and (2) if not, whether there is any state statutory remedy available to Plaintiffs. Because HOLA does not preempt Plaintiffs' claim under California Civil Code § 2923.5, but it is unclear whether that section's remedy is available to Plaintiffs, the Court GRANTS the motion to dismiss WITH LEAVE TO AMEND.

//

# I. BACKGROUND

## A. Plaintiffs' Complaint

In May 2007, Plaintiffs took a $557,600 home loan from Wells Fargo's predecessor, World Savings Bank, FSB. Dkt. No. 1, Ex. A ¶ 6. The loan is secured by a deed of trust on Plaintiffs' home at 25994 Gushue Street in Hayward, California. *Id.* An agent for Cal-Western recorded a notice of default and initiated foreclosure proceedings on Plaintiffs' home on February 9, 2012. *Id.* ¶ 8. In response, Plaintiffs sued Wells Fargo and Cal-Western in the Superior Court of California for the County of Alameda. *Id.* ¶¶ 3-4. Plaintiffs allege (1) that because their loan was securitized or sold, Wells Fargo was not the beneficiary under the deed of trust at the time it recorded the notice of default, and has no valid right to initiate foreclosure; (2) that Wells Fargo improperly recorded the notice of default because it failed to contact Plaintiffs thirty days prior to the recording as required under California Civil Code § 2923.5; and (3) that Wells Fargo's failure to comply with § 2923.5 violated California Business and Professions Code § 17200. *Id.* ¶¶ 9-20. Plaintiffs seek declaratory relief, a temporary restraining order, a preliminary injunction, a permanent injunction, damages, costs, and fees. Dkt. No. 1, Ex. A.

## B. Wells Fargo's Motion to Dismiss

Wells Fargo moves to dismiss Plaintiffs' claims on the grounds that Plaintiffs' first and second claims are preempted by HOLA, 12 U.S.C. § 1461, *et seq.* Dkt. No. 6 at 12-17. The state laws Plaintiffs allege Wells Fargo violated regulate the processing and servicing of mortgages, and Wells Fargo alleges that HOLA occupies the entire field of such regulations. *Id.* at 12-15. Furthermore, because HOLA preempts Plaintiffs' claims, Wells Fargo argues, its derivative claim of unfair business practices under § 17200 also fails, as it cannot stand alone. *Id.* at 20. Wells Fargo also contends that even if Plaintiffs' claims were not preempted, that Plaintiffs fail to state a claim for relief. *Id.* at 17-21. Wells Fargo states that as a matter of law it has the right to initiate foreclosure proceedings, *id.* at 17, and that it "tried with due diligence as prescribed by . . . § 2923.5(g) to contact [Plaintiffs]" prior to filing the notice of default, *id.* at 19-20. Wells Fargo alleges that Plaintiffs'

§ 17200 claim fails because they cannot show that Wells Fargo engaged in any unfair or unlawful business practice and because Plaintiffs did not suffer any loss, an essential element of the claim. *Id.* at 20.

Plaintiffs oppose Wells Fargo's motion on the grounds that nonjudicial foreclosure proceedings are "uniquely within the realm of state law" and therefore HOLA does not preempt their claims of wrongful foreclosure and failure to notify. Dkt. No. 12 at 8. Plaintiffs also challenge, for the first time, the lawfulness of Wells Fargo's initiation of foreclosure proceedings under California Civil Code § 2932.5, which requires a party who wishes to exercise its power of sale to record the assignment first. *Id.* at 10.

**C. Wells Fargo's Request for Judicial Notice**

Wells Fargo requests that the Court take judicial notice of the following documents: (A) Plaintiffs' adjustable rate mortgage note; (B) the deed of trust securing Plaintiffs' mortgage; (C) the certificate of corporate existence for World Savings Bank; (D) a letter from the Office of Thrift Supervision ("OTS") to World Savings Bank; (E) the charter of Wachovia Mortgage, FSB; (F) an official certification of the Comptroller of the Currency stating that effective November 1, 2009, Wachovia Mortgage, FSB converted to Wells Fargo Bank Southwest, N.A., which then merged with Wells Fargo Bank, N.A.; (G) the FDIC's profile and history of World Savings Bank, FSB, from the FDIC's official website; and (H) the notice of default dated February 9, 2012 in the official records of the Alameda County Recorder's Office. Dkt. No. 7, Exs. A-H.

Plaintiffs object to Wells Fargo's request on the grounds that the documents contain hearsay. Dkt. No. 14 at 2.

Although a district court generally may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion, the Court may take judicial notice of documents referenced in the complaint, as well as matters in the public record, without converting a motion to dismiss into one for summary judgment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). A matter may be judicially noticed if it is either "generally known within the territorial jurisdiction of the trial court" or "can be

accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *W. Radio Servs. Co. v. Qwest Corp.*, 530 F.3d 1186, 1192 n.4 (9th Cir. 2008). In addition, under Federal Rule of Civil Procedure 10(c), a court may take judicial notice of "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). However, the court may not judicially notice the truth of the disputed facts contained in such a document. *Lee*, 250 F.3d at 689.

Here, the documents that Wells Fargo seeks judicial notice of are documents that are in the public record and subject to verification. The Court will therefore take judicial notice of Exhibits A-G. Because the issue of whether Plaintiffs were notified properly is in dispute, however, the Court will take judicial notice of the existence of Exhibit H, the notice of default, but will not judicially notice the truth of the facts asserted in Exhibit H, for example that Wells Fargo used due diligence to contact Plaintiffs.

### D. Jurisdiction

This court has jurisdiction under 28 U.S.C. § 1332. Wells Fargo filed a notice to remove Plaintiffs' complaint from state to federal court. Dkt. No. 1. Wells Fargo is a national bank whose main office, as designated in its articles of association, is located in South Dakota. Plaintiffs reside in California. Because Plaintiffs fail to state a claim for relief against Cal-Western, it is fraudulently joined and can be ignored for purposes of diversity jurisdiction. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001); *see infra* Part III.D. All parties have consented to the jurisdiction of this court under 28 U.S.C. § 636(c).

## II. STANDARD OF REVIEW

### A. Preemption

In the field of national banking, Congress has created an "extensive federal statutory and regulatory scheme," *Bank of America v. City & Cnty. of San Francisco*, 309 F.3d 551, 558 (9th Cir. 2002), which gives "both enumerated and incidental 'powers' to national

banks as grants of authority not normally limited by, but rather ordinarily pre-empting, contrary state law," *Barnett Bank v. Nelson*, 517 U.S. 25, 32 (1996). HOLA is a "radical and comprehensive response to the inadequacies of the existing state system, . . . so pervasive as to leave no room for state regulatory control." *Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1004 (9th Cir. 2008) (internal citation omitted). Under HOLA, the OTS has "broad authority to issue regulations governing . . . federal savings associations." *Id.* at 1005. OTS has stated expressly that it "occupies the entire field of lending regulation for federal savings associations." 12 C.F.R. § 560.2(a).

A preemption analysis under HOLA requires a court to determine whether the law at issue is identified in 12 C.F.R. § 560.2(b), which provides a nonexclusive list of the types of state laws preempted by HOLA. *See Silvas*, 514 F.3d at 1005. Among the laws specifically preempted by HOLA are those affecting "terms of credit, including amortization of loans and the deferral and capitalization of interest and adjustments to the interest rate, balance, payments due, or term to maturity of the loan;" "[d]isclosure and advertising, including laws requiring specific statements, information, or other content to be included in credit application forms, credit solicitations, billing statements, credit contracts, or other credit related documents and laws requiring creditors to supply copies of credit reports to borrowers or applicants;" and "[p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages." 12 C.F.R. § 560.2(b)(4), (9) and (10).

If the state law at issue falls into one of the enumerated categories, then it is preempted by HOLA. *Silvas*, 514 F.3d at 1005. If it does not fall into one of the enumerated categories but affects lending, a presumption of preemption arises that is reversed only "if the law can clearly be shown to fit within the confines of paragraph (c) [of § 560.2]." *Id.* Section 560.2(c) excludes from preemption "[s]tate laws . . . that . . . only incidentally affect the lending operations of federal savings associations." 12 C.F.R. § 560.2(c). Examples of permissible state regulation include legislation that "regulate[s] national banks in areas such as contracts, debt collection, acquisition and transfer of property, and taxation, zoning, criminal, and tort law." *Bank of America*, 309 F.3d at 559.

**B. Failure to State a Claim**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead his claim with sufficient specificity to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citation and internal quotation marks omitted). A court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). If a complaint lacks facial plausibility, a court must grant leave to amend unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).

**III. DISCUSSION**

"[T]he process of foreclosure has traditionally been a matter of state real property law." *Mabry v. Superior Court*, 110 Cal. Rptr. 3d 201, 217 (Cal. Ct. App. 2010), *review denied* (Aug. 18, 2010). Nonjudicial foreclosure, at issue here, is a process made available by California law; it "is not a lender's right in many states, and certainly does not derive from HOLA." *Ortiz v. Wells Fargo Bank, N.A.*, 10-cv-04812 RS, 2011 WL 4952979 at *3 (N.D. Cal. May 27, 2011). Although HOLA governs lending and savings associations, "[t]here is no federal or nationally-uniform standard for creating and enforcing security interests in real property." *Id.* Wells Fargo argues that HOLA preempts any state law that affects the operation of a federal savings association. Dkt. No. 6 at 12. Although HOLA's regulation of lending may be extensive, there is nothing to suggest that it preempts every state law that touches upon lending. Those laws regulating the process of state-created nonjudicial foreclosure are worth a particularly close look.

//

### A. HOLA Preempts Plaintiffs' Claim that Wells Fargo Wrongfully Foreclosed upon Their Property Because It Lacked the Power of Sale.

Plaintiffs allege that Wells Fargo could not lawfully initiate foreclosure proceedings against them because it does not own the beneficial interest in the deed of trust. Dkt. No. 1, Ex. A ¶ 11. Plaintiffs argue that World Savings Bank securitized and sold its interest in their home to a real estate mortgage investment conduit ("REMIC") prior to its merger with Wells Fargo, and that therefore Wells Fargo cannot validly execute the deed of trust because it did not in fact acquire the interest from World Savings Bank. *Id.* Plaintiffs also argue that California Civil Code § 2932.5 required Wells Fargo to record its interest upon assignment in order to enforce the terms of the deed. Dkt. No. 12 at 10.

In determining whether Plaintiffs' state law claim is preempted, the Court looks to see if it is among the non-exclusive list of examples in paragraph (b) of 12 C.F.R. § 560.2. If so, the preemption analysis ends there. *Silvas*, 514 F.3d at 1005. Paragraph (b) states that HOLA preempts state laws regulating the "sale or purchase of, or investment or participation in, mortgages." 12 C.F.R. § 560.2(b)(10). Here, Plaintiffs allege wrongful foreclosure by Wells Fargo because World Savings Bank sold and securitized its mortgage and thus relinquished its rights to enforce the deed of trust. Because this claim falls squarely within the language of § 560.2(b)(10), HOLA preempts it, and the analysis ends.[1] The Court GRANTS Wells Fargo's motion to dismiss Plaintiffs' claim of wrongful foreclosure.

### B. HOLA Does Not Preempt Plaintiffs' Claim that Wells Fargo Failed to Notify Them in Accordance with California Civil Code § 2923.5.

Plaintiffs allege that Wells Fargo violated § 2923.5 because it failed to notify Plaintiffs thirty days prior to recording the notice of default. Wells Fargo argues that

---

[1] Accordingly, the Court does not reach Defendants' alternative grounds for dismissal. It notes, however, that the securitization of a mortgage does not alter the rights and liabilities of the parties who first entered into the agreement, *Hague v. Wells Fargo Bank, N.A.*, 11-cv-02366 TEH, 2011 WL 6055759, at *5 (N.D. Cal. Dec. 6, 2011), and that § 2932.5 does not apply to deeds of trust, *Calvo v. HSBC Bank USA, N.A.*, 130 Cal. Rptr. 3d 815, 819 (Cal. Ct. App. 2011), *review denied* (Jan. 4, 2012).

HOLA preempts this claim, and alternatively, that it satisfied the statutory requirement of due diligence in attempting to contact Plaintiffs. In the first step of the analysis, the Court looks to § 560.2(b). *Silvas*, 514 F.3d at 1005. Foreclosure is not among the types of state laws preempted by HOLA. Paragraph (b), however, contains only "illustrative examples" "without limitation." 12 C.F.R. §560.2(b). Wells Fargo urges that § 2923.5 falls within the "processing and servicing" of a mortgage in § 560.2(b)(10) and cites several district court opinions from this district that have found § 2923.5 preempted. Wells Fargo fails to explain, however, how a thirty-day notification requirement is analogous to state laws that regulate the extension of credit. "[S]uch a broad interpretation of what it means to "service" or "participate in" a mortgage could operate to preempt most all California foreclosure statutes where the foreclosing entity is a national lender." *Loder v. World Sav. Bank, N.A.*, 11-cv-00053 TEH, 2011 WL 1884733, at *7 (N.D. Cal. May 18, 2011) (declining to decide whether § 2923.5 is preempted "without a more thorough analysis of whether loan servicing is distinct from foreclosure"). In the absence of more guidance from Wells Fargo, the Court concludes that § 2923.5 is not the type of law contemplated by paragraph (b).

Next, the Court considers whether § 2923.5 "affects" lending and should be presumed preempted. *Silvas*, 514 F.3d at 1005. Some courts in this district have found that § 2923.5 does affects lending and is therefore preempted. For example, in *Giordano v. Wachovia Mortg., FSB*, the court stated that "clearly, state laws governing foreclosure proceedings affect lending" but did not explain how. 10-cv-04661 JF, 2010 WL 5148428, at *4 (N.D. Cal. Dec. 14, 2010). Other courts have found that "[w]hile lenders conceivably could make lending decisions and policies based at least in part on the state foreclosure laws that would apply where the loans are made, the foreclosure rules have no direct application to what lenders can or must do or not do when making loans." *Ortiz*, 2011 WL 4952979, at *3.

Here, Wells Fargo does not argue that § 2923.5 or any of California's law governing the process of nonjudicial foreclosure constrains its ability to "extend credit as authorized under federal law." 12 C.F.R. § 560.2(a). In the absence of evidence, or even argument,

that the state law notice requirements of a state-created foreclosure process impinge upon the extension of credit in the first place, the Court is hesitant to find that § 2923.5 affects lending. The Court need not make this determination, however, because it finds that any effect § 2923.5 has on lending operations is only incidental, and that it furthers a vital state interest. *See* 12 C.F.R. § 560.12(c)(6).

Paragraph (c) of § 560.2 outlines the types of state law that HOLA does not preempt and which rebut the presumption that state laws that affect lending are preempted. 12 C.F.R. § 560.2(c); *Silvas*, 514 F.3d at 1005. They include contract and real property law to the extent they only incidentally affect lending operations, as well as any other law that "furthers a vital state interest" and "has only an incidental effect on lending operations or is not otherwise contrary to the purposes" of HOLA. 12 C.F.R. § 560.2(c)(6). Section 2923.5 merely requires Wells Fargo to contact Plaintiffs thirty days before recording the notice of default. As discussed above, it is not obvious that this law has any effect on lending. Section 2923.5 provides a procedural safeguard for borrowers; it does not create a right to loan modification or to loan counseling. *Valverde v. Wells Fargo Bank, N.A.*, 11-cv-02423 SC, 2011 WL 3740836, at *8 (N.D. Cal. Aug. 25, 2011). Furthermore, the only remedy available under § 2923.5 is postponement of the foreclosure sale until the lender complies. *Mabry*, 110 Cal. Rptr. 3d at 204. Contrast this with the California law that invalidated due-on-sale clauses, which the Supreme Court held was preempted by HOLA in *Fidelity Fed. Sav. & Loan Ass'n v. de la Cuesta*, 458 U.S. 141 (1982). The due-on-sale clause was an essential part of the mortgage contract and enabled lenders to replace long-term, low-yield loans with loans at the current market rate. *Id.* at 168-69. California's law invalidating such clauses "reduce[d] the amount of home-financing funds available to potential home buyers" and "cause[d] a rise in home loan interest rates." *Id.* at 168. In light of the evidence before this Court, § 2923.5 cannot have more than an incidental effect on lending.[2]

[2] "[T]o the degree that the requirements [of § 2923.5] impose . . . burdens on federal savings banks that might arguably push the statute out of the permissible category of state foreclosure law and into the federally preempted category of loan servicing or loan making, evidence of such a burden is necessary before the argument can be persuasive." *Mabry*, 110 Cal. Rptr. 3d at 218.

In enacting § 2923.5, the California legislature sought to "ameliorate the deleterious effects on the state economy and local economies and the California housing market" by "modifying the foreclosure process to require mortgagees, beneficiaries, or authorized agents to contact borrowers." 2008 Cal. Legis. Serv. Ch. 69 (S.B. 1137). The legislature found that "changes in accessing the state's foreclosure process are essential to ensure that the process does not exacerbate the current crisis by adding more foreclosures to the glut of foreclosed properties already on the market when a foreclosure could have been avoided." *Id.* One of the legislature's motivating factors in passing this bill was the high foreclosure rate in 2007: "more than 84,375 properties were lost to foreclosure in California, and 254,824 loans went into default." *Id.* The findings of the state legislature in enacting § 2923.5 indicate that its enactment furthers a vital state interest. Because of this state interest and because § 2923.5 has only an incidental effect, if any, on lending, HOLA does not preempt it.

Although Wells Fargo argues in its briefs that the trustee sale has not taken place, Plaintiffs do not assert any facts that would indicate that they are still in possession of their house. Because the only remedy available to them under § 2923.5 is postponement of the sale, the Court GRANTS Wells Fargo's motion to dismiss but gives Plaintiffs LEAVE TO AMEND if they are able to plead that they are still in possession of their home.

**C. Because Plaintiffs' Claim of Unfair Business Practices Under § 17200 Is a Derivative Claim, It Is Dismissed.**

Plaintiffs' claim of unfair business practices under California Business and Professions Code § 17200 must be predicated on some other violation of law. "[S]ection 17200 borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 973 P.2d 527, 539-40 (Cal. 1999) (internal citation omitted). Although nearly "any state, federal or local law can serve as the predicate for an action" under § 17200, the remedies available under § 17200 are limited. *Podolsky v. First Healthcare Corp.*, 58 Cal. Rptr. 2d 89, 98 (Cal. Ct. App. 1996). Specifically, an action

brought under § 17200 "is equitable in nature; damages cannot be recovered." *Korea Supply Co. v. Lockheed Martin Corp.*, 63 P.3d 937, 943 (Cal. 2003). Because the Court dismisses Plaintiffs' wrongful foreclosure and § 2923.5 claims, it also GRANTS Wells Fargo's motion to dismiss the § 17200 claim. If Plaintiffs amend their complaint to state a claim for relief under § 2923.5, they are granted leave to restate their § 17200 claim as well, to the extent they seek equitable relief.

**D. Plaintiffs Fail to State a Claim Against Cal-Western and that Failure Is Obvious.**

Plaintiffs' only allegation against Cal-Western is that because Wells Fargo violated § 2923.5 and failed to exercise due diligence "Cal-Western's recordation of the Notice of Default which did not comply with § 2923.5 was thus unfair and unlawful." Dkt. No. 1, Ex. A ¶ 14. Joinder of a party is fraudulent and thus does not affect diversity jurisdiction when the plaintiff's allegations against that party obviously fail to state a claim for relief. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). A defendant has the right to present facts showing fraudulent joinder. *Id.* Wells Fargo argues that Plaintiffs cannot state a claim against Cal-Western because Cal-Western is the trustee under the deed of trust, and § 2923.5 imposes no obligation on trustees to contact the borrower.

First, it is not clear from the complaint that Plaintiffs bring a claim against Cal-Western, although they name it as a defendant. Plaintiffs do not allege that Cal-Western had an obligation to contact them; they only attack the validity of the notice of default Cal-Western's agent recorded because Wells Fargo failed to contact them.

Second, the statute in effect at the time the notice of default was recorded stated that "[a] mortgagee, beneficiary, or authorized agent shall contact the borrower in person or by telephone . . . ." Cal. Civ. Code § 2923.5(a)(2).[3] In contrast, other subsections of § 2923.5 explicitly include trustees. *See, e.g.*, Cal. Civ. Code § 2923.5(a)(1) ("[a] mortgagee, trustee, beneficiary, or authorized agent . . . .). The absence of the word trustee in § 2923.5(a)(2) is

[3] Notably, the California legislature amended § 2923.5(a)(2) in July 2012 to explicitly exclude trustees. *See* 2012 Cal. Legis. Serv. Ch. 86 (A.B. 278) "A mortgage servicer shall contact the borrower in person or by telephone . . . ." "'Mortgage servicer' shall not include a trustee, or a trustee's authorized agent, acting under a power of sale pursuant to a deed of trust."

significant; the statute does not impose an obligation on trustees to contact borrowers. Cal-Western's only obligation under § 2923.5 is to "include a declaration that *the mortgagee, beneficiary, or authorized agent* has contacted the borrower." Cal. Civ. Code § 2923.5(b) (emphasis added). The notice of default recorded by Cal-Western's agent included a declaration, and although Plaintiffs dispute the veracity of the statements therein, they do no dispute its existence. The inclusion of the declaration is all the law requires of Cal-Western.

Plaintiffs allege a violation of § 2923.5 based on a failure to contact them. Section 2923.5 does not impose an obligation on Cal-Western, the trustee on the deed of trust, to contact borrowers. For this reason, it is obvious that Plaintiffs cannot state a claim against Cal-Western for failure to contact them in accordance with § 2923.5. The Court therefore DISMISSES Cal-Western.

//

**IV. CONCLUSION**

HOLA preempts Plaintiffs' claim of wrongful foreclosure, and so the Court GRANTS Wells Fargo's motion to dismiss that claim. Because the Court finds that § 2923.5 is the type of state law contemplated in § 560.2(c), HOLA does not preempt Plaintiffs' claim that Wells Fargo failed to notify them prior to filing a notice of default. Nevertheless, the Court GRANTS Wells Fargo's motion to dismiss this claim, but gives Plaintiffs LEAVE TO AMEND to state facts that indicate they are eligible for the only remedy available to them under § 2923.5. If Plaintiffs choose to amend, the Court also grants leave to amend their § 17200 claim. Because Plaintiffs have not demonstrated a likelihood of success on the merits at this time, their motion for a temporary restraining order and preliminary injunction is DENIED. Finally, Cal-Western is DISMISSED from this case because Plaintiffs do not state an actionable claim against it. Plaintiffs have twenty-eight days from the date of this order to file an amended complaint. The case management conference currently scheduled for October 31, 2012 is continued to February 6, 2013 at 10:00 a.m. Accordingly, Plaintiffs' motion to appear by telephone on October 31 is DENIED as moot.

IT IS SO ORDERED.

Date: October 29, 2012

Nathanael M. Cousins
United States Magistrate Judge